UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>Petitioners,<br><br>v.<br><br>YUL HERMES, an individual,<br><br>Respondent. | Case No. 14-cv-04054 NC<br><br>**ORDER RE: SUBJECT MATTER JURISDICTION and SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 23, 24, 25 |

This is an action brought under § 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185, to enforce an arbitration award against respondent Yul Hermes on an alter ego theory. *See* Dkt. No. 1. In the parties' joint case management statement, respondent questioned whether the Court has subject matter jurisdiction over this action. *See* Dkt. No. 21.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court ordered the parties to brief the jurisdictional issue and held a hearing,

Case No. 14-cv-04054 NC
ORDER RE: SUBJECT
MATTER JURISDICTION

deferring case management until resolution of this threshold question. Dkt. No. 23. All parties consented to the jurisdiction of a magistrate judge. Dkt. No. 21 at 9. After considering the briefs, the record in this case, and the arguments presented at the hearing the Court finds that it has subject matter jurisdiction over this action for the reasons set forth below.

## I. BACKGROUND

The petition to enforce the arbitration award was filed by General Employees Trust Fund and Board of Trustees of General Employees Trust Fund. Dkt. No. 1 ¶ 5. The petition alleges that American Empire Building Maintenance Corporation ("Employer") was signatory to collective bargaining agreements with Service Employees International Union, Local 87 and Service Employees International Union, Local 1877 ("Collective Bargaining Agreements"). *Id.* ¶¶ 12-15. Petitioners allege that each of those Collective Bargaining Agreements is a contract between an employer and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the LMRA. *Id.* ¶ 16. Under each of the Collective Bargaining Agreements, the Employer agreed to be bound to the Trust Indenture establishing the General Employees Trust Fund and all amendments thereto and restatements thereof, including the Restated Trust Agreement, dated September 1, 2010 ("Restated Trust Agreement"). *Id.* ¶ 17. The Restated Trust Agreement is itself a contract between employers and labor organizations representing employees in an industry affecting commerce within the meaning of § 301(a) of the LMRA. *Id.* ¶ 18.

Under the Collective Bargaining Agreements and the Restated Trust Agreement, the General Employees Trust Fund caused an audit to be conducted to determine whether the Employer had made all required payments for employee health insurance. *Id.* ¶¶ 19-21. The Employer failed to pay the monies found due in the audit. *Id.* ¶¶ 22-24. Petitioners allege that any employer's failure to make required contributions to the General Employees Trust Fund is a breach of the Restated Trust Agreement, and a breach of the Collective Bargaining Agreements. *Id.* ¶ 25.

Under § 6.14 of the Restated Trust Agreement, the Employer's failure to pay the monies found due in the audit was referred to arbitration. *Id.* ¶¶ 26-27. Petitioners allege that the arbitrator issued an arbitration award, finding that the Employer owed more than $200,000.00 to the General Employees Trust Fund. *Id.* ¶¶ 33-34. Petitioners allege that the Employer has failed and refused to comply with the arbitration award and is, therefore, in breach of the Collective Bargaining Agreements and the Restated Trust Agreement. *Id.* ¶¶ 37-39.

Petitioners further allege that respondent filed a Chapter 7 Bankruptcy petition on behalf of the Employer. *Id.* ¶ 42. Petitioners then filed this lawsuit to confirm the arbitration award against respondent Yul Hermes, the President, Chief Executive Officer, Chief Financial Officer, and Director of the Employer, on an alter ego theory of liability. *Id.* ¶¶ 8, 44-57. Petitioners are not seeking to enforce the arbitration award against the Employer. *Id.* ¶ 43.

## II. DISCUSSION

The petition asserts that this Court has subject matter jurisdiction over the action under § 301(a) of the LMRA, 29 U.S.C. § 185(a), "as an action upon a contract between an employer and a labor organization representing employees in an industry affecting commerce." Dkt. No. 1 ¶ 1. "A suit to vacate or enforce compliance with an arbitration award can be founded on section 301 of the LMRA." *Kemner v. Dist. Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir. 1985). "To establish district court jurisdiction pursuant to section 301 of the LMRA, a plaintiff must allege only that a contract between an employer and a union has been breached." *McCauslin v. FMC Corp.*, 728 F.2d 1275, 1275 (9th Cir. 1984).

Respondent argues that there exists no federal question jurisdiction because, as the only respondent in this action, he is not an "employer" under the LMRA, and thus this action is not one between an "employer" and a labor organization. Dkt. No. 25. The fact that the employer is not a party to this action, however, does not foreclose this Court's jurisdiction. "The Supreme Court has interpreted s 301 to require only that the object of the

Case No. 14-cv-04054 NC
ORDER RE: SUBJECT
MATTER JURISDICTION
3

suit be the enforcement of rights guaranteed by an agreement between an employer and a labor organization, and not strictly that the suit itself be between a labor union and an employer." *Audit Servs., Inc. v. Rolfson*, 641 F.2d 757, 760 (9th Cir. 1981) (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962)).

Here, petitioners allege that a contract between an employer and a labor organization has been breached. Petitioners are seeking contractual damages for the Employer's breach of the Collective Bargaining Agreements and the Restated Trust Agreement, that is, for the Employer's failure to pay for employee benefits. Petitioners seek to enforce the arbitration award against respondent and hold him individually liable for the Employer's breach of contract on an alter ego theory. *See, e.g., Sheet Metal Workers Int'l Ass'n, Local No. 359, AFL-CIO v. Arizona Mech. & Stainless, Inc.*, 863 F.2d 647, 653-54 (9th Cir. 1988) (remanding to district court to determine whether non-party to a collective bargaining agreement was an alter ego of employer or otherwise bound by arbitration award against employer). Petitioners have thus sufficiently alleged that this is a suit to enforce rights guaranteed by an agreement between an employer and a labor organization. Therefore, contrary to respondent's contention, petitioners have demonstrated an independent jurisdictional basis. *See* Dkt. No. 25; *Kokkonen*, 511 U.S. at 381 (holding that, despite that district court had jurisdiction over initial dispute, an action seeking to enforce the settlement of that dispute did not by itself confer subject matter jurisdiction).

Respondent also argues that this case is akin to the facts of *Peacock v. Thomas*, 516 U.S. 349 (1996). In *Peacock* a former employee of a corporation filed an initial lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and obtained a judgment against the corporation. *Id.* at 351. Unable to collect from the corporation, the employee subsequently filed a second action against a corporate officer seeking to impose alter ego liability. *Id.* The Supreme Court ruled that the district court lacked jurisdiction over the alter ego action because there was no independent basis for federal jurisdiction and that ancillary jurisdiction did not apply. *Id.* at 353-59. However, in *Peacock*, the employee had not alleged an underlying violation of an

1  ERISA provision or an ERISA plan. *Id.* at 353.  By contrast, here, the petition alleges a
2  violation of § 301(a) of the LMRA and thus provides an independent basis for assertion of
3  jurisdiction.  Accordingly, the Court finds that it has subject matter jurisdiction over this
4  action.
5     The Court will hold a case management conference on January 7, 2015, at 10:00 a.m.
6  in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco,
7  California.  If counsel for the parties wish to appear by telephone, they may do so but must
8  contact the Courtroom Deputy at 408.535.5343 to provide a contact number for this
9  appearance.  An updated joint case management statement is due by January 5, 2015.
10    IT IS SO ORDERED.
11    Date: December 29, 2014
12                                                   Nathanael M. Cousins
                                                     United States Magistrate Judge

Case No. 14-cv-04054 NC
ORDER RE: SUBJECT
MATTER JURISDICTION
5