UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>Petitioners,<br><br>v.<br><br>YUL HERMES, an individual,<br><br>Respondent. | Case No. 14-cv-04054 NC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 36 |

Pending before the Court is petitioners' motion for leave to amend their petition to confirm arbitration award to name an additional respondent. Dkt. No. 36. The Court finds the motion suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and GRANTS the motion for the reasons set forth below.

This is an action brought by petitioners General Employees Trust Fund and Board of Trustees of General Employees Trust Fund to enforce an arbitration award against respondent Yul Hermes on an alter ego theory. Dkt. No. 1. The original petition alleges that American Empire Building Maintenance Corporation ("Employer") has failed and refused to comply with an arbitration award and is, therefore, in breach of collective bargaining agreements. *Id.* ¶¶ 37-39. The petition alleges that, on February 3, 2014, the Employer filed a Chapter 7 Bankruptcy petition. *Id.* ¶ 42. The bankruptcy case was closed on March 7, 2014. Dkt. No. 36-2. Petitioners filed this lawsuit on September 5, 2014, to confirm the arbitration award against respondent Yul Hermes, the President, Chief

Case No. 14-cv-04054 NC
ORDER GRANTING MOTION FOR
LEAVE TO AMEND

Executive Officer, Chief Financial Officer, and Director of the Employer, on an alter ego theory of liability. Dkt. No. 1 ¶¶ 8, 44-57. The original petition did not seek to enforce the arbitration award against the Employer. *Id.* ¶ 43. Petitioners now request leave of Court, under Federal Rule of Civil Procedure 15(a), to file a first amended petition to confirm arbitration award that will add the Employer, the party to the arbitration at issue, as an additional respondent.

The motion for leave to amend was originally filed on January 22, and subsequently refiled on January 30. Dkt. Nos. 33, 36. The deadline to amend pleadings and add new parties previously set by the Court is January 30, 2015. Dkt. No. 31. Respondent opposes the motion primarily on the grounds that petitioners failed to seek the amendment within a reasonable time and that respondent will be prejudiced if the amendment is allowed under the current case schedule. Dkt. No. 43.

Federal Rule of Civil Procedure 15(a) provides generally that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). Under this rule, courts generally consider five factors when deciding whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). "Not all of the factors merit equal weight. . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "[D]elay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d 183 at 186 (citations omitted). Moreover, "[t]he party opposing amendment bears the burden of showing prejudice." *Id.* at 187.

The Court finds that petitioners' motion for leave to amend is timely. The Court further finds that the proposed amendment is not futile, was not made in bad faith or after undue delay, and will not cause defendant to suffer prejudice. Accordingly, the motion for

1  leave to amend is GRANTED.

2     The Court will hold a further case management conference on March 3, 2015, at
3  10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San
4  Francisco, California. At the conference, the Court will address the impact of the
5  amendment on the case schedule and whether any alterations of the schedule are
6  appropriate. The parties must meet and confer in advance of the conference and file jointly
7  their proposal(s) regarding any amendment to the case schedule by 12:00 p.m. on March 2,
8  2015.

9     IT IS SO ORDERED.

10    Date: February 23, 2015

Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-04054 NC
ORDER GRANTING MOTION FOR         3
LEAVE TO AMEND