UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND AND BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>           Plaintiff,<br><br>      v.<br><br>AMERICAN EMPIRE BUILDING CORPORATION, a dissolved corporation, and YUL HERMES, an individual,<br><br>           Defendants. | Case No. 14-cv-04054 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 65 |

Plaintiff General Employees Trust Fund and Board of Trustees of General Employees Trust Fund seeks judicial confirmation of a $200,762.55 arbitration award against defendant American Empire Building Corporation for failure to pay into an employee's trust fund. Plaintiff also claims that defendant Yul Hermes is American Empire's alter ego and should be responsible for paying the award. Defendants move to dismiss, arguing that American Empire did not enter into a contract requiring payment to the employee's trust fund, nor did it agree to binding arbitration.[1] Therefore, both American Empire and Hermes cannot be held liable for the award.

---

[1] Defendants' motion is one week late. The Court will rule on the motion, but the parties are reminded to meet all future deadlines set forth by the Local Rules and the Court.
Case No. 14-cv-04054 NC

1    After reviewing the pleadings, the Court finds that plaintiff sufficiently alleged a
2    claim for confirming the arbitration award.  However, plaintiff's alter ego claim relies on a
3    recitation of the elements of the claim and does not state sufficient facts.  Therefore, the
4    Court DENIES defendants' motion to dismiss on the arbitration claim and GRANTS the
5    motion on the alter ego claim, with leave to amend.

## I.   BACKGROUND

Plaintiff General Employees Trust Fund and the Board of Trustees of General Employees Trust Fund is responsible for a joint labor-management trust fund which administers employee benefit plans.  Dkt. No. 64 at ¶ 6.  Defendant Yul Hermes is the President, Chief Executive Officer, Chief Financial Officer, and Director of co-defendant American Empire Building Corporation.  Dkt. No. 64 at ¶ 8.  As employers, defendants signed collective bargaining agreements with various labor organizations, agreeing to provide certain employee benefits.  Dkt. No. 64.  In particular, two collective bargaining agreements are in dispute: the Bay Area Master Agreement and the San Francisco Master Agreement.  Dkt. No. 65.  Both agreements were amended in 2010, requiring employers, such as defendants, to pay into the trust fund managed by plaintiff and to arbitrate disputes rising thereof.  Dkt. No. 64 at ¶¶ 22, 24.  Plaintiff alleges that defendants are bound by these agreements.  Dkt. No. 64 at ¶ 22.

Plaintiff audited American Empire and found that American Empire did not pay into the Trust Fund.  Dkt. No. 64 at ¶¶ 25-27.  Plaintiff alerted American Empire of its failure to pay into the Trust Fund, but American Empire refused to pay.  Dkt. No. 64 at ¶¶ 27-29.  In response, plaintiff began arbitration proceedings against American Empire in 2013, pursuant to the binding arbitration clause found in the collective bargaining agreements.  Dkt. No. 64 at ¶¶ 32-38.  The arbitrator awarded plaintiff the money found due in the audit, $200,762.55, plus $28.45 in additional interest, audit fees, attorneys' fees, and arbitration fees.  Dkt. No. 64 at ¶¶ 38-39.  American Empire refused to comply with the arbitration award.  Dkt. No. 64 at ¶ 42.  In February 2014, American Empire declared bankruptcy, and the bankruptcy case is now closed.  Dkt. No. 64 at ¶¶ 47-48.

1    On September 5, 2014, plaintiff filed a petition to confirm arbitration award against
2    Hermes as the sole defendant. Dkt. No. 1. Plaintiff subsequently amended its petition to
3    include American Empire as an additional defendant. Dkt. No. 49. On March 27, 2015,
4    defendants filed a motion to dismiss the amended petition, arguing that they were unable to
5    respond to the complaint because plaintiff never attached the relevant contract to the
6    complaint. Dkt. No. 56. The Court granted the motion to dismiss with leave to amend and
7    instructed plaintiff to include the relevant contracts in the complaint. Dkt. No. 62.
8    Plaintiff amended the complaint, and now, defendants move to dismiss. Dkt. Nos. 64, 65.
9    The Court finds the motion suitable for a decision without a hearing. L.R. 7-6. The parties
10   have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 13, 15.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

//

## III. DISCUSSION

Plaintiff's claim are (A) a petition to confirm the arbitration award; and (B) a claim for alter ego liability to hold Hermes personally liable for the award on behalf of American Empire.

### A.   Confirmation of Arbitration Award

Plaintiff argues that defendant American Empire agreed to binding arbitration and plaintiff now seeks to confirm an arbitration award against American Empire. Dkt. No. 64. American Empire responds that plaintiff cannot confirm an arbitration award against it because the underlying arbitration contract was invalid. Dkt. No. 65.

Under Labor Management Relations Act ("LMRA") § 301, federal courts have jurisdiction over petitions to confirm arbitration awards. *Sheet Metal Workers' Int'l Ass'n, Local 206, of Sheet Metal Workers' Int'l Ass'n, AFL–CIO v. R.K. Burner Sheet Metal Inc.*, 859 F.2d 758, 760 (9th Cir. 1988). "Generally a district court may review an arbitrator's rulings pursuant to section 301 of the LMRA only after there is a final award." *Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991).

The LMRA requires the moving party to present a final arbitration award and a motion to confirm the award. 29 U.S.C. § 185. The Federal Arbitration Act governs arbitrations, including those conducted under the LMRA when the provisions are not in conflict. *See Matthews v. Nat'l Football League Mgmt. Council,* 688 F.3d 1107, 1115 & n. 7 (9th Cir. 2012) (applying the FAA in a case brought pursuant to section 301 of the LMRA). Under the FAA, a party moving for an order confirming an award must submit to the Court (1) the agreement; (2) the award; and (3) any applications to confirm, modify, or correct the award. 9 U.S.C. § 13. Here, plaintiff has submitted a petition to confirm the award, Dkt. No. 64, and attached the arbitration agreements, Exh. 1-9, and a final arbitration award, Exh. 10. Therefore, the Court has jurisdiction, and the plaintiff has sufficiently stated a claim to confirm the arbitration award.

Defendants argue that plaintiff's petition to confirm the arbitration award should be dismissed because the underlying collective bargaining agreement is invalid. Dkt. No. 65

at 5. Defendants also challenge the arbitrability of the dispute. Dkt. No. 65 at 5. These arguments, however, attack the merits of the complaint, not its sufficiency. Defendants' arguments require a factually intensive inquiry into (1) whether the arbitrator had authority to decide the dispute; and (2) whether "vacatur is appropriate where it is evident that 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting 9 U.S.C. § 10(a)). These questions are more appropriate for the summary judgment stage of the proceedings than for a motion to dismiss. The Court concludes that the plaintiff has sufficiently alleged a claim for a confirmation of the arbitration award and DENIES defendants' motion to dismiss as to this claim.

### B. Alter Ego Liability

Defendants argue that plaintiff has failed to sufficiently allege its alter ego cause of action because plaintiff cannot demonstrate that Hermes and American Empire were sufficiently intermingled. Dkt. No. 65 at 5.

"In determining whether alter ego liability applies, we apply the law of the forum state." *Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993). Under California law, alter ego liability allows a plaintiff to "pierce the corporate veil" and hold a corporate actor or parent corporation liable for the conduct of the corporation or subsidiary. *Stark v. Coker*, 20 Cal.2d 839, 845 (1942). Disregarding the corporate form, however, is an "extreme remedy, sparingly used." *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 538 (2000). As such, alter ego liability is only employed "in narrowly defined circumstances and only when the ends of justice so require." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 301 (1985).

"California recognizes alter ego liability where two conditions are met: First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote

Case No. 14-cv-04054 NC           5

injustice.'" *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting *Wood v. Elling Corp.*, 20 Cal.3d 353, 363 n.9 (1977)).

### 1. Unity of Interest Factors

Unity of interest factors include: "commingling of funds, failure to maintain minutes or adequate corporate records, identification of the equitable owners with the domination and control of the two entities, the use of the same office or business locations, the identical equitable ownership of the two entities, the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual, and the failure to adequately capitalize a corporation." *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962).

To survive a motion to dismiss, the complaint must include facts, which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Here, the complaint includes very few facts, but rather relies on general complaints and conclusory statements. Dkt. No. 64 at ¶ 56. Plaintiff lists "on information and belief" all of the elements of unity in the complaint without any further factual allegations. *Id.* For example, plaintiff alleges that there was a commingling of funds, but does not provide any facts to suggest why it believes this. *Id.* at ¶ 56(a). This statement alone, without further factual support, is insufficient.

In *Pac. Mar. Freight, Inc. v. Foster*, 2010 WL 3339432, at *7 (S.D. Cal. Aug. 24, 2010), the district court found that plaintiff had sufficiently alleged a commingling of funds by stating that it had made payments directly to the individual defendant on behalf of the corporation. *See also New Cingular Wireless Services, Inc. v. McCormick*, 2008 WL 4283526, at *5 (E.D. Cal. Sept.11, 2008) (finding that payments for services of a corporation made out to an individual constituted commingling of funds that could support a finding of alter-ego liability). In contrast, in *Allegro Consultants, Inc. v. Wellington Technologies, Inc.*, No. 13-cv-02204-BLF, 2014 WL 7204970, at *3 (N.D. Cal. Dec. 17, 2014), the district court found that a complaint that "parrot[s] the alter ego requirements" by stating that there was "a unity of interest and ownership" between the defendant entities

Case No. 14-cv-04054 NC          6

was insufficient to survive a motion to dismiss.

Here, plaintiff alleges the alter ego requirements but does not provide factual support. As another example, plaintiff alleges that American Empire and Hermes use a single address. Dkt. No. 64 at ¶ 56(j). However, plaintiff does not state the address of American Empire or Hermes in the complaint. Plaintiff here has made a formulaic recitation of the elements of alter ego liability, which is insufficient to meet the pleading standard under Rule 8.

### 2. Elements of Inequitable Result

To establish an inequitable result, plaintiff must allege facts showing that recognition of the corporate identity would sanction fraud or promote injustice. *Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496, 498-99 (1950). "Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000).

Here, plaintiff alleged that "an inequitable result would follow" if the acts of American Empire are treated as those of American Empire alone, but no further elaboration of what the injustice would be. Dkt. No. 64 at ¶¶ 55, 57. In *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1083-84 (N.D. Cal. 2011), the district court dismissed a plaintiff's alter ego claim, finding that general allegations of injustice are not sufficient to allege alter ego liability. Rather, a plaintiff must clearly set forth "what injustice" would result if the individual was not held liable for the corporation's actions. *Id.*

The Court infers from the complaint and the briefing that plaintiff has additional facts at its disposal with which it can successfully allege the alter ego claim. The complaint suggests that Yul Hermes exercised an unusual amount of control over the company as the Chief Executive Officer, Chief Financial Officer, and Director of American Empire. Dkt. No. 64 at ¶¶ 8, 37, 47, 50. Additionally, plaintiffs imply that Yul Hermes improperly dissolved the corporation without revealing the arbitration award and without satisfying the company's outstanding debts. Dkt. No. 64 at ¶¶ 47-51; Dkt. No. 66 at 2. Therefore, the Court finds that amendment of the complaint would not be futile.

United States District Court
Northern District of California

## IV. CONCLUSION

The Court DENIES defendants' motion to dismiss as to the petition to confirm the arbitration award. The Court GRANTS defendants' motion to dismiss as to the alter ego liability claim with leave to amend. Plaintiff may amend the complaint to allege further facts on the alter ego claim by August 3, 2015.

**IT IS SO ORDERED.**

Dated: July 27, 2015

                                                NATHANAEL M. COUSINS
                                                United States Magistrate Judge